# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN WILLIAMS, | Case No. CV 14-5622-GAF (SP) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION |
| DANIEL PARAMO, Warden, | |
| Respondent. | |

On July 21, 2014, petitioner Darren Williams, a California prisoner proceeding pro se, filed the instant Habeas Corpus Petition under 28 U.S.C. § 2254 ("Petition")  Petitioner failed to use the court-approved form for his Petition as required by Local Rule 83-16.1, and failed to include in his Petition all the information called for on that form.  Nonetheless, based on the information contained in the Petition and the numerous exhibits to the Petition, it is apparent that petitioner is once again challenging his 1986 murder convictions in Los Angeles Superior Court case number A-763191.

This is petitioner's third § 2254 petition filed in this Court challenging his 1986 murder convictions and resulting sentence.  The first petition, filed in case number CV 99-1708-GAF (JWJ), raised twenty-three claims for relief.  In a Report and Recommendation filed December 31, 2003, the assigned Magistrate Judge

considered each of the claims on their merits and recommended denying the petition with prejudice. After certain procedural delays involving, inter alia, requests for extensions of time to object by petitioner, on January 14, 2005, this Court filed an order adopting the Report and Recommendation, and filed a Judgment denying the petition and dismissing the action with prejudice. Petitioner appealed, and on April 18, 2007 in case number 05-55277, the Ninth Circuit affirmed the Judgment.

The second petition, filed in case number CV 12-7813-GAF (SP), raised one claim for relief, an ineffective assistance of counsel claim that had been raised in the first petition and rejected by this Court. On September 25, 2012, this Court summarily dismissed the second petition under 28 U.S.C. § 2241(b)(1) because it presented a claim that had been presented and rejected in a prior § 2254 petition.

In the instant Petition, petitioner raises three grounds for relief: (1) he has recently uncovered evidence that the prosecution withheld evidence that could have been used to impeach a prosecution witness, and that the prosecution allowed that witness to testify falsely against petitioner; (2) the prosecution committed error under *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), in striking prospective jurors based on their race; and (3) the trial court violated his due process rights by failing to investigate declarations by three jurors that they did not cast votes for guilt during deliberations. Pet. at 2-9. Petitioner's second and third grounds for relief were raised by petitioner in his first habeas petition to this Court, and this Court considered and rejected those claims. *See* case no. CV 99-1708-GAF (JWJ), doc. no. 94 at 22-30, 31-38. Although the Petition suggests otherwise, petitioner's first ground for relief in the instant Petition – including his contention that prosecutors withheld evidence that a prosecution witness received witness protection money and then lied about it during testimony, which petitioner claims to have only recently discovered – was also raised by petitioner in his first petition and considered and rejected by this Court. *See id.* at 52-54.

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, like petitioner's second petition, it presents claims already adjudicated by this Court in the first petition in case number CV 99-1708-GAF (JWJ).

The law in these circumstances allows for no discretion. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). The Supreme Court has specifically stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)). As set forth above, in the instant Petition, petitioner raises three claims that all were among those raised by petitioner, and considered and rejected by this Court, in petitioner's first petition filed in case no. CV 99-1708-GAF (JWJ). As such, the Petition must be dismissed under § 2244(b)(1).

Even if petitioner's approach to these claims is slightly different this time, that does not render them permissible under § 2244(b)(1). In a case in which a petitioner sought to present successive ineffective assistance claims in successive petitions, the Ninth Circuit held that raising new factual grounds is "not sufficient to evade the mandatory dismissal requirement of 28 U.S.C. § 2244(b)," as "[t]he gravamen of the claim of ineffective assistance of trial counsel is the same, regardless of whether Petitioner presents new and different legal arguments or different factual allegations." *Cooper v. Brown*, 510 F.3d 870, 931 (9th Cir. 2007) (citing *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999) (where a prisoner

sought to raise another ineffective assistance claim in a successive § 2254 petition asserting "new factual explanations for his counsel's ineffectiveness at trial," § 2244(b)(1) would require dismissal because "the gravamen of his legal argument is essentially the same")). As such, § 2244(b)(1) requires dismissal of the claims raised in the instant Petition, which were already raised, considered, and rejected by this Court in petitioner's first § 2254 petition.

The instant Petition appears to suffer from other defects as well. There is no indication that petitioner obtained permission from the Court of Appeals to file a successive § 2254 petition, as is required before petitioner may file a successive petition in this Court. *See* 28 U.S.C. § 2244(b)(3). Also, the Petition appears likely time-barred under 28 U.S.C. § 2244(d). But the Court need not reach these matters since § 2244(b)(1) so plainly requires dismissal.

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action.

DATED: July 29, 2014 _____
HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE